UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALBERT WHITE,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05095-BJR-JRC

ORDER DENYING APPOINTMENT OF COUNSEL

Before this Court is plaintiff's motion for appointment of counsel. Dkt. 11; *see also* Dkts. 16–17. After reviewing the relevant record before this Court, the Court finds that the interests of justice do not require the appointment of counsel at this time. Therefore, the motion is denied.

Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, in support of his motion, plaintiff states that he is incarcerated and is not privy to a list of attorneys who may be interested in his case. *See* Dkt. 17, at 3. However, that is not an exceptional circumstance compelling the Court to appoint counsel at this early stage. There is no dispositive motion pending and the discovery deadline is not until November 12, 2021. *See* Dkt. 20. Also, plaintiff has not established a likelihood of success on the merits, at this point.

Furthermore, the facts and legal issues do not appear to be unusually complex such that plaintiff could not articulate his claims *pro se*. Without the assistance of an attorney, plaintiff has managed to file a complaint alleging that he has been denied medical treatment, has moved the court to serve defendants, and has filed this motion. *See* Dkts. 4–5, 11.

Therefore, plaintiff's request for the appointment of counsel at this early stage is denied without prejudice, meaning that plaintiff may renew the motion at a later date upon a showing of exceptional circumstances. The Court also observes that plaintiff appears to have mistakenly believed that he was represented by an attorney for the defendants. *See* Dkt. 17. The Court has

not appointed an attorney to represent plaintiff, so plaintiff must proceed in *pro se* at this time, unless he obtains his own counsel.

Therefore, it is ORDERED:

(1) Plaintiff's motion for appointment of counsel (Dkt. 11) is denied.

(2) The Clerk shall send a copy of this Order to plaintiff.

Dated this 6th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge