UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALBERT WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | CASE NO. 3:21-cv-05095-BJR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 8, 2021 |

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on plaintiff's "Emergency Motion to Release," which the Court interprets as a preliminary injunction. Dkt. 31.

Plaintiff is a 69-year-old man currently housed at the Thurston County Jail, who is asking the Court to release him due to the potential transmission of COVID-19 in the jail. The Court concludes that plaintiff is seeking injunctive relief on matters outside the claims raised in the underlying action. Accordingly, the Court recommends that the motion be denied.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff instituted this matter in March 2021, while incarcerated at Thurston County Jail. *See* Dkt. 4. Plaintiff named the State of Washington, Thurston County Jail, Thurston County Jail medical staff, and Doctor Balderama as defendants. *Id.* at 1, 3. In his complaint, plaintiff alleges his several medical needs were ignored by Dr. Balderama and medical staff. *Id.* at 5. He alleges he experienced "pain while awaiting a delayed operation." *Id.* at 6. He also alleges "neglect" by the mental health staff at Thurston County Jail. *Id.* at 7.

On August 18, 2021, defendant State of Washington filed a motion for summary judgment seeking a dismissal of all claims against it, which is still pending. *See* Dkt. 24. On September 8, 2021, plaintiff filed his "Emergency Motion to Release." Dkt. 31.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Among the considerations applicable to a motion for preliminary relief is whether the motion seeks relief related to a claim brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

1   Here, plaintiff's motion is based on facts not alleged in his complaint. The claims in his
2   complaint appear to be related to delayed medical procedures and medical "neglect." *See* Dkt. 4.
3   However, at the core of his motion, plaintiff is asking the Court to release him due to the threat
4   of COVID-19 transmission in the jail. *See* Dkt. 31, at 1. That is an entirely different claim based
5   on completely different facts than what he alleges in his complaint. Therefore, the Court cannot
6   issue the injunctive relief as requested.

### CONCLUSION

For these reasons, the District Court should deny the "Emergency Motion to Release," which should be construed as a motion for preliminary injunctive relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 8, 2021,** as noted in the caption.

Dated this 13th day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge