UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALBERT WHITE,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05095-BJR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 15, 2021

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff, Michael Albert White, is currently incarcerated at Thurston County Jail and alleges that several of his medical needs have been ignored by the staff at Thurston County Jail. He also alleges that he experienced pain while awaiting a delayed operation and neglect by the mental health staff at Thurston County Jail. Although all of plaintiff's claims arise out of alleged

events at Thurston County Jail, plaintiff included the State of Washington ("the State") as a defendant in the caption of his complaint.

The State asserts it has Eleventh Amendment immunity and moved for summary judgment on all of plaintiff's claims. Having reviewed the State's motion for summary judgment and the relevant record, the Court finds that there is no issue of material fact as to the State's Eleventh Amendment immunity and the State's motion for summary judgment should be granted.

**PROCEDURAL HISTORY**

Plaintiff, who is *pro se* and incarcerated at Thurston County Jail, initiated this matter in March 2021. *See* Dkt. 4. Plaintiff named the State of Washington, Thurston County Jail, Thurston County Jail medical staff, and Dr. Balderama as defendants. *Id.*

On August 18, 2021, the State moved for summary judgment seeking a dismissal of all claims against it. Dkt. 24. Plaintiff was provided a notice of dispositive motion pursuant to *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). *See* Dkt. 30. Plaintiff did not respond to the State's motion for summary judgment.

**FACTUAL BACKGROUND**

Plaintiff is currently incarcerated at Thurston County Jail. Dkt. 4 at 2. The State does not operate Thurston County Jail or is involved in its medical care decisions. Dkt. 24 at 3. Dr. Balderama is not employed by the State or an independent contractor for the State. *Id.*

In his complaint, plaintiff alleges that several of his medical needs have been ignored by the medical and kitchen staff at Thurston County Jail. Dkt. 4 at 4. Plaintiff also alleges he experienced "pain while awaiting a delayed operation" and "neglect" by the mental health staff

at Thurston County Jail. *Id.* at 6–7. All of plaintiff's claims arise out of his incarceration at Thurston County Jail. *See* Dkt. 4 at 4–9.

## STANDARD OF REVIEW

Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.*

Where there is a complete failure of proof concerning an essential element of the nonmoving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative

1  evidence in the form of affidavits, and/or admissible discovery material that would allow a
2  reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. However,
3  weighing of evidence and drawing legitimate inferences from facts are jury functions, and not
4  the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d
5  1539, 1542 (9th Cir. 1989).

6        Because plaintiff is *pro se*, in ruling on the motion for summary judgment, the Court will
7  consider all of plaintiff's contentions offered in verified pleadings, where such contentions are
8  based on personal knowledge and set forth facts that would be admissible in evidence, and where
9  plaintiff attested under penalty of perjury that the contents of the verified pleadings are true and
10 correct. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). However, to the extent that
11 plaintiff relies on conclusory statements, unsupported conjecture, and allegations based merely
12 on belief, such are insufficient to create a genuine, material issue of fact. *See Hernandez v.*
13 *Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

14                              **DISCUSSION**

15      **I.**      **Eleventh Amendment Immunity**

16       The State contends that it is entitled to summary judgment on all claims because it has
17 Eleventh Amendment immunity. *See* Dkt. 24 at 6–11. "The Eleventh Amendment has been
18 authoritatively construed to deprive federal courts of jurisdiction over suits by private parties
19 against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir.
20 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The State's
21 immunity also applies to suits brought by its own citizens. *See Tennessee Student Assistance*
22 *Corp. v. Hood*, 541 U.S. 440, 446 (2004). However, suits seeking damages against a state official
23
24

in their personal capacity are not barred by the Eleventh Amendment. *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988).

Here, plaintiff listed the State in the caption of his complaint but did not otherwise mention the State or a state official in his factual allegations. *See* Dkt. 4 at 1, 4–9. In fact, all of his allegations involve conduct by defendants Thurston County Jail, Thurston County Jail medical staff, or Dr. Balderama. *See id.* The State submitted uncontroverted evidence that Thurston County Jail is not a state agency and that the State does not have authority over the jail's medical care decisions. *See* Dkt. 25, Declaration of Gregory Oliver in Support of Defendant State of Washington's Motion for Summary Judgment, at 2. The State also submitted uncontroverted evidence that Dr. Balderama is not a state employee or independent contractor. *See* Dkt. 29, Declaration of Todd Dowler in Support of Defendant State of Washington's Motion for Summary Judgment, at 2. Additionally, there is no evidence that the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, there is no issue of material fact and the State's motion for summary judgment should be granted.

## CONCLUSION

The undersigned recommends that defendant's motion for summary judgment (Dkt. 24) be **GRANTED;** plaintiff's claims against defendant State of Washington should be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

REPORT AND RECOMMENDATION - 5

1  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
2  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 15,**
3  **2021**, as noted in the caption. The Clerk is further directed to send a copy of this Report and
4  Recommendation to plaintiff.

5  Dated this 23rd day of September, 2021.

*[signature]*

J. Richard Creatura
Chief United States Magistrate Judge