UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALBERT WHITE,<br><br>                         Plaintiff,<br>     v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                         Defendant. | No. 3:21-cv-05095-BJR-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Having reviewed the Report and Recommendation ("R&R") of Magistrate Judge J. Richard Creatura regarding Plaintiff's "emergency motion for release" and the record of the case, the Court hereby adopts the R&R in full and denies Plaintiff's motion notwithstanding his objections thereto.

**BACKGROUND**

Plaintiff Michael White is a 69-year-old man in custody at Thurston County Jail. Dkt. No. 32. In March 2021, Plaintiff filed a complaint seeking monetary damages under 42 U.S.C. § 1983 for alleged pain, suffering, neglect, and mental anguish stemming from negligent medical practices on the part of Thurston County Jail, the jail's medical staff, Doctor Balderama,[1] and the State of Washington. *See id.*; Dkt. No. 4. The State filed a motion for summary judgement seeking dismissal of all claims against it, which the Court granted on December 9, 2021.

---
[1] Doctor Balderma's full name is not mentioned in the complaint or subsequent filings.

1

Separate and apart from Plaintiff's claims of medical neglect, Plaintiff later filed an "emergency motion for release" on September 8, 2021. Dkt. No. 31. That motion asks the Court to grant a preliminary injunction to release Plaintiff from pretrial confinement on the grounds that his medical conditions make him uniquely and especially vulnerable to Covid-19. *Id.* Judge Creatura issued a Report & Recommendation (the "R&R") on September 13th, 2021, recommending that this Court deny the motion. Dkt. No. 32. Plaintiff filed objections to the R&R on September 23, 2021.  Dkt. No. 35.

## DISCUSSION

When a party properly files specific written objections to an R&R, the district court reviews the Magistrate Judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.* at 673-74. *Pro se* filings are held to a "less stringent standard than formal pleadings drafted by lawyers" and are thus liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's motion is "asking for a TRO because of [his] age . . . [and] disabilities . . . that qualify [him] for compassionate release because of Covid-19." *Id.* Plaintiff asks the Court, in light of his deteriorating condition and advanced age, to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* In his pleadings, Plaintiff alternatively refers to his motion as an "Emergency Motion to Release," see Dkt. No. 31, and a "TRO . . . requesting compassionate release," see Dkt. No. 35. Plaintiff's motion is a demand for immediate equitable relief.  Magistrate Judge Creatura interpreted this request as a motion for a preliminary injunction.  Dkt. 32. This Court agrees with that characterization.

In considering a preliminary injunction, the Court will analyze, among other factors, the extent to which the motion seeks relief related to a claim brought in the complaint: "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* That relationship may be deemed "sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

The gravamen of Plaintiff's complaint is a claim for damages resulting from medical neglect, not exposure to COVID-19. Plaintiff's objection to the R&R explicitly states that he is "not seeking a[n] injunctive release, pertaining to [his] current lawsuit" and that "the clerks have misrepresented [his] Emergency Motion to Release . . . with the ongoing lawsuit." Dkt. No. 35 at 1 (emphasis omitted). Plaintiff's own words demonstrate that the essential nexus between the complaint and his TRO motion is clearly missing. Plaintiff's claims for medical neglect are predicated on facts related to the jail's medical treatment (or lack thereof) and damages sustained as a result of that treatment. Plaintiff's request for injunctive relief, on the other hand, is based on his age and his pre-existing health conditions, irrespective of Defendants' allegedly negligent medical treatment. The facts Plaintiff alleges in support of his negligence claims are inapplicable to his motion for a preliminary injunction.

The Ninth Circuit's holding in *Pacific Radiation* is unambiguous: a movant "cannot seek interim equitable relief of a nature it is not seeking in the final adjudication of its lawsuit." 810

F.3d at 638. Because granting Plaintiff injunctive relief would not resolve his claim for damages, the Court "does not have the authority to issue an injunction." *Id.* at 633.

## CONCLUSION

For the foregoing reasons, the Court hereby adopts the R&R (Dkt. 32) in full notwithstanding Plaintiff's objections (Dkt. 35) thereto and thus denies Plaintiff's motion for a preliminary injunction.

DATED this 21st day of December, 2021.

    BARBARA J. ROTHSTEIN
    UNITED STATES DISTRICT JUDGE