1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    MICHAEL ALBERT WHITE,

11                    Plaintiff,

12            v.

13    BALDERAMA, *et al.*,

14                    Defendants.

CASE NO. 3:21-cv-05095-BJR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 18, 2022

15

16        The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United

17    States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and

18    local Magistrate Judge Rules MJR1, MJR3 and MJR4.

19        Plaintiff, Michael Albert White, is currently incarcerated at Thurston County Jail and

20    alleges that he was denied medical care for his preexisting medical conditions because everyone

21    at the jail ignored him. Defendants Thurston County Jail Medical Staff and Thurston County Jail

22    moved for summary judgment on plaintiff's claims against them and argue that plaintiff has

23    improperly named Thurston County Jail as a defendant and that he has not alleged or shown any

24

1  of the medical staff's personal participation. They submit as evidence plaintiff's complaint and

2  his responses to discovery requests. Plaintiff did not respond to the motion, despite being warned

3  that failure to do so could result in dismissal of his complaint.

4      Having reviewed defendants' motion for summary judgment and the relevant record, the

5  Court finds that plaintiff has failed to state a claim against Thurston County Jail because he does

6  not allege a policy, custom, or ratification caused his injuries. Plaintiff also has not alleged any

7  facts or provided evidence concerning any Thurston County Jail medical staff's personal

8  participation. Therefore, the Court recommends granting defendants' motion for summary

9  judgment and dismissing all claims against them. Furthermore, the Court recommends *sua*

10  *sponte* granting summary judgment for defendant "Doctor Balderama" and dismissing all claims

11  against him because plaintiff has also failed to allege or show that this defendant personally

12  participated in the alleged constitutional violation.

13                                        **BACKGROUND**

14      Plaintiff, proceeding *pro se*, is currently housed at Thurston County Jail and filed a 42

15  U.S.C. § 1983 complaint after paying the filing fee. *See* Dkt. 4. Plaintiff named "Doctor

16  Balderama," Thurston County Jail Medical Staff, and Thurston County Jail as defendants. *Id.* at

17  3. He also listed the State of Washington as a defendant in the caption of his complaint. *Id.* at 1.

18  Plaintiff's complaint lists the three following counts: (1) Serious medical needs; (2) Pain while

19  awaiting a delayed operation; and (3) Neglect—mental. *Id.* at 4–7. Factual allegations are scarce

20  in plaintiff's complaint, however, it appears that he is alleging that Thurston County Jail's

21  medical staff and defendant Balderama ignored his preexisting medical needs. *Id.* It is unclear

22  whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged

23  injuries.

24

1    On August 18, 2021, defendant State of Washington moved for summary judgment based

2    on its Eleventh Amendment immunity, which the District Court granted. *See* Dkts. 24, 32, 43.

3    Defendant Balderama has not appeared in this matter and it is unclear if he was properly served.

4    On December 7, 2021, defendants Thurston County Jail and Thurston County Jail Medical Staff

5    filed a motion for summary judgment. Dkt. 39. Plaintiff did not file a response to defendants'

6    motion.

7                                    **DISCUSSION**

8    **I.    Jurisdiction**

9         Defendants argue that this Court lacks jurisdiction over the matter because plaintiff has

10   not established diversity jurisdiction and plaintiff's complaint "does not cite 42 U.S.C. § 1983 or

11   any other Federal statute as a basis for his claims." Dkt. 39, at 3. The Court agrees that plaintiff's

12   complaint is not specific as to what claims he is attempting to bring. He lists the following three

13   counts: (1) Serious medical needs; (2) Pain while awaiting a delayed operation; and (3)

14   Neglect—mental. Dkt. 4, at 4–7. Although listed in separate "counts," plaintiff appears to be

15   alleging a single claim of denial of adequate medical care while a prisoner. In such a case, the

16   most likely source of a right to sue is 42 U.S.C. § 1983, which the Court has jurisdiction to under

17   28 U.S.C. § 1343(a)(3).

18        Contrary to defendants' assertion, plaintiff does list § 1983 in his complaint, albeit in the

19   last page. *See* Dkt. 4, at 10 ("1983 Civil Rights Complaint (42 USC § 1983)"). Therefore,

20   liberally construing plaintiff's *pro se* complaint, the Court concludes that his claims are pursuant

21   to § 1983 and that the Court has jurisdiction over this matter.

22   ///

23   ///

24

1    **II.    Legal Standard**

2        **A.  Summary Judgment**

3        Summary judgment is appropriate if a moving party shows that "there is no genuine

4    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

5    Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the

6    substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

7    242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing

8    law will not be considered. *Id.*

9        Where there is a complete failure of proof concerning an essential element of the

10   nonmoving party's case on which the nonmoving party has the burden of proof, all other facts

11   are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*

12   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the

13   evidence presented through the prism of the substantive evidentiary burden"). However, when

14   presented with a motion for summary judgment, the court shall review the pleadings and

15   evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation

16   omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner*, 976 F.2d

17   469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation

18   omitted).

19       Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing

20   the motion "must do more than simply show that there is some metaphysical doubt as to the

21   material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The

22   opposing party cannot rest solely on his pleadings but must produce significant, probative

23   evidence in the form of affidavits, and/or admissible discovery material that would allow a

24

1    reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. However,

2    weighing of evidence and drawing legitimate inferences from facts are jury functions, and not

3    the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d

4    1539, 1542 (9th Cir. 1989).

5          Because plaintiff is *pro se*, the Court will consider all of plaintiff's contentions offered in

6    verified pleadings, where such contentions are based on personal knowledge and set forth facts

7    that would be admissible in evidence, and where plaintiff attested under penalty of perjury that

8    the contents of the verified pleadings are true and correct. *See Jones v. Blanas*, 393 F.3d 918, 923

9    (9th Cir. 2004). However, to the extent that plaintiff relies on conclusory statements,

10   unsupported conjecture, and allegations based merely on belief, such are insufficient to create a

11   genuine, material issue of fact. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th

12   Cir. 2003).

13           **B.  42 U.S.C. § 1983**

14         To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about

15   which he complains was committed by a person acting under the color of state law; and (2) the

16   conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d

17   583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a

18   result of the conduct of a particular defendant, and he must allege an affirmative link between the

19   injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

20         If the person named as a defendant was a supervisory official, plaintiff must either state

21   that the defendant personally participated in the constitutional deprivation (and tell the Court the

22   things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was

23   aware of the similar widespread abuses, but with deliberate indifference to plaintiff's

24

1  constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts

2  to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658,

3  691 (1978).

4       Although the Court liberally construes plaintiff's §1983 claim as a denial of adequate

5  medical care, it is unclear whether plaintiff is operating under the Eighth or Fourteenth

6  Amendment. That is because plaintiff does not provide anything to determine whether he was a

7  pretrial detainee or a convicted prisoner at the time of the alleged denial of medical care.

8       Claims brought by convicted prisoners based on denial of medical care under the Eighth

9  Amendment are governed by a "subjective deliberate indifference" standard. *Gordon v. County*

10  *of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). Under this standard, a plaintiff must show a

11  "serious medical need," and that "the defendant's response to the need was deliberately

12  indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

13  Regarding deliberate indifference, a prison official is not liable "unless the official knows of and

14  disregards an excessive risk to inmate health or safety; the official must both be aware of facts

15  from which the inference could be drawn that a substantial risk of serious harm exists, and he

16  must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

17       Claims for violations of the right to adequate medical care brought by pretrial detainees

18  under the Fourteenth Amendment are evaluated under an objective deliberate indifference

19  standard. *See Gordon*, 888 F.3d at 1125. The elements of such a claim are:

20       (i) the defendant made an intentional decision with respect to the conditions under
     which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial

21       risk of suffering serious harm; (iii) the defendant did not take reasonable available
     measures to abate that risk, even though a reasonable official in the circumstances

22       would have appreciated the high degree of risk involved—making the
     consequences of the defendant's conduct obvious; and (iv) by not taking such

23       measures, the defendant caused the plaintiff's injuries.
     *Id.*

24

1

III.    **Claims against Thurston County Jail**

2       Defendants argue that Thurston County Jail is not a legal entity for which suit can be

3   brought under § 1983. *See* Dkt. 39 at 4–5. Indeed, to bring an appropriate § 1983 action, a

4   plaintiff "must name the county or city itself as party to the action, and not the particular

5   municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver*

6   *Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017), *report and recommendation adopted*, 2017

7   WL 2180793 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F. Supp. 993, 996

8   (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*, 2017 WL 4960221 at *3

9   (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D. Wash. 2006).

10  Furthermore, while municipalities and local government units, such as Thurston County, are

11  considered persons for § 1983 purposes, they are only liable for policies, regulations, and

12  customs adopted and promulgated by that body's officers. *See Monell v. Department of Social*

13  *Services of City of New York*, 436 U.S. 658, 690 (1978). To recover, plaintiff must show that

14  county employees or agents acted through an official custom or policy that permits violation of

15  plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690–91.

16      Here, plaintiff named the Thurston County Jail—not Thurston County—as a defendant.

17  Dkt. 4 at 3. However, even if he had named Thurston County as a defendant, he does not allege

18  that the constitutional harm was pursuant to a policy, regulation, or custom. *See* Dkt. 4.

19  Therefore, the Court recommends that plaintiff's claims against Thurston County Jail be

20  dismissed with prejudice.

21  IV.    **Claims against Thurston County Jail Medical Staff**

22      Defendants argue that plaintiff has failed to allege or show any personal participation by

23  any Thurston County Jail staff. *See* Dkt. 39 at 5–6. Plaintiff named "Thurston County Jail

24

1  Medical Staff" as a defendant, but he has not identified any individual that caused the alleged

2  constitutional violation, and the deadline for discovery has passed. Dkts. 4 at 3, 20. Plaintiff also

3  does not state whether he is suing the medical staff in their official or personal capacities.

4  However, plaintiff's claims fail under both. *Id.* If the claim is in their official capacity, it is

5  treated as a claim against the county, and can only survive if it alleges a policy, custom, or

6  ratification caused the constitutional harm—which plaintiff does not do. *See supra*, section III;

7  *Kentucky v. Graham*, 473 U.S. 159, 165 (9th Cir. 1985).

8      If the claim is in their personal capacities, plaintiff must show that the defendants, acting

9  under color of state law, personally participated in the alleged deprivation of federal

10  constitutional or statutory rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). More

11  specifically, plaintiff must show that the defendants, through their own individual actions,

12  violated those rights. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

13      Here, plaintiff makes sweeping conclusory statements that are devoid of any personal

14  participation by anyone in Thurston County Jail's medical staff. For example, plaintiff alleges

15  that he was "ignored by everyone," that he has not been "seen by anyone," and that "they will

16  not give [him] any pain pills." Dkt. 4 at 4–8. However, plaintiff has not identified any individuals

17  that committed these acts, which makes it impossible to determine personal participation.

18  Although he claims he submitted requests for medical care, he does not identify who responded

19  to his requests—and states in his complaint that he has "no evidence to provide [to the Court]."

20  *Id.* at 5. Furthermore, defendants submitted as evidence plaintiff's responses to interrogatories

21  asking plaintiff to provide further information and documentation regarding the alleged denial of

22  medical care, but plaintiff provided nothing but conclusory responses, such as "deliberate

23  indifference and lack of medical care." Dkt, 39-2 at 7–12.

24

REPORT AND RECOMMENDATION - 8

1    Finally, plaintiff was provided a notice of the motion for summary judgment, which

2    warned him that he must submit evidence beyond merely his complaint in support of his claims

3    in order to avoid summary judgment. *See* Dkt. 41; *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th

4    Cir. 1998) Because he did not respond to the motion, plaintiff has provided nothing except his

5    conclusory allegations in his complaint to support his claims, which are insufficient to survive

6    summary judgment.

7    Because plaintiff has not alleged or shown any personal participation by anyone in

8    Thurston County Jail's medical staff, defendants' motion for summary judgment should be

9    granted and all claims against Thurston County Jail Medical Staff should be dismissed with

10    prejudice.

11    **V.        Claims against Dr. Balderama**

12    Defendant Balderama has not appeared in this matter and, according to defendants, he is

13    an independent contractor—not an employee of Thurston County. *See* Dkt. 40 at 1. Plaintiff has

14    not moved for default against this defendant and it is unclear if he has been properly served.

15    Nevertheless, if there is no genuine dispute respecting a material fact and "the case cannot be

16    proved if a trial should be held, the court may sua sponte grant summary judgment to the non-

17    moving party." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982). However, the

18    losing party "must be given reasonable notice that the sufficiency of his or her claim will be in

19    issue." *Buckingham v. U.S.*, 998 F.2d 735, 742 (9th Cir. 1993). "Reasonable notice implies

20    adequate time to develop the facts on which the litigant will depend to oppose summary

21    judgment." *Id.* at 742 (citing *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d

22    866, 869 (9th Cir. 1985)).

23

24

Plaintiff's case has been pending since February 2021 and the discovery deadline expired on November 12, 2021. *See* Dkts. 1, 20. As such, plaintiff had sufficient time to develop facts to oppose summary judgment. Furthermore, plaintiff received a notice informing him that there was a motion for summary judgment filed in his case and that he must come forward with evidence. *See* Dkt. 41. Because defendant Balderama has not appeared and is not a movant, one may argue that plaintiff was not specifically notified that his claims against defendant Balderama would be at issue in the motion for summary judgment. However, the motion for summary judgment challenged plaintiff's entire case based on subject matter jurisdiction, so plaintiff knew his claims against defendant Balderama were at risk of dismissal.

Further, defendant Balderama and the other defendants are similarly situated because plaintiff alleges that they all ignored his medical needs. *See* Dkt. 4 at 4–6 (alleging that plaintiff has been ignored by everyone). As such, any evidence to prove his claims against the movants would be relevant to his claims against defendant Balderama. Courts in the Ninth Circuit have held that under such circumstances, *sua sponte* summary judgment is appropriate for a nonappearing defendant. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming *sua sponte* grant of summary judgment in favor of nonappearing defendant, where the plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant); *Wallace v. Naphcare Healthcare*, 2020 WL 7872043, *10 (W.D. Wash. Nov. 9, 2020), *report and recommendation adopted* (W.D. Wash. Jan. 4, 2021) (*sua sponte* granting summary judgment for a nonappearing defendant because the deliberate indifference claims against the defendant was subject to dismissal for the

1    same reasons as the appearing defendants); *Wenberg v. Devear*, 2015 WL 515378, at *5 (N.D.

2    Cal. Feb. 6, 2015) (same).

3           The Court recommends *sua sponte* summary judgment for defendant Balderama for the

4    same reasons set forth above regarding the medical staff defendants. Specifically, plaintiff has

5    failed to allege sufficient facts, let alone provide evidence, of defendant Balderama's personal

6    participation. Plaintiff merely provides conclusory statements in his complaint that defendant

7    Balderama ignored his medical needs. *See* Dkt. 4 at 4–7. However, plaintiff does not allege

8    anything to support the conclusion that defendant Balderama ignored him. Plaintiff does not

9    allege that defendant Balderama was or should have been aware of plaintiff's medical needs or

10   that defendant Balderama made any intentional decision regarding plaintiff's medical care.

11   Plaintiff claims that he submitted requests for medical care to "medical staff," but does not state

12   what the requests were and who responded or whether defendant Balderama knew about them.

13   Furthermore, plaintiff did not provide any evidence of his requests in responses to discovery (*see*

14   Dkt. 39-2 at 12) and stated in his complaint that he has "no evidence" of the requests. Dkt. 4 at 5.

15   Therefore, the Court recommends that plaintiff's claims against defendant Balderama be

16   dismissed with prejudice.

17          **VI.    Qualified Immunity**

18          Because the Court has already determined that defendants are entitled to summary

19   judgment as to plaintiff's claims, the Court declines to address the issue of whether defendants

20   are entitled to qualified immunity.

21   ///

22   ///

23   ///

24

1

**CONCLUSION**

2          The undersigned recommends that defendants' motion for summary judgment (Dkt. 39)

3   be granted and that plaintiff's claims against the remaining defendants be dismissed with

4   prejudice.

5          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

7   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

8   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

9   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

10  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

11         Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

12  matter for consideration on **February 18, 2022,** as noted in the caption.

13         Dated this 26th day of January, 2022.

14

15                                                      _____

16                                                      J. Richard Creatura
                                                        Chief United States Magistrate Judge

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 12