UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALBERT WHITE,<br><br>                   Plaintiff,<br>     v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                  Defendants. | No. 3:21-cv-05095-BJR-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      Having reviewed the Report and Recommendation ("R&R") of Magistrate Judge J. Richard Creatura on Defendants' motion for summary judgment, as well as the remaining record, the Court hereby adopts the R&R and grants summary judgment for defendants Thurston County Jail, Thurston County Jail Medical Staff, and "Dr. Balderama,"[1] dismissing Plaintiff's claims against them. Because Plaintiff did not file a timely objection, the Court reviews the R&R only for clear error on the face of the record. *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

      Plaintiff Michael White is a 69-year-old man in custody at Thurston County Jail. Dkt. 32. In March 2021, Plaintiff filed a complaint seeking monetary damages under 42 U.S.C. § 1983 for alleged pain, suffering, neglect, and mental anguish stemming from negligent medical practices on the part of Thurston County Jail, the jail's medical staff, Dr. Balderama, and the

---

[1] Dr. Balderama's full name is not provided in the complaint or subsequent filings.

1

State of Washington.  *See id.*; Dkt. 4.  On December 9, 2022, the Court granted summary judgment for the State of Washington and dismissed the claims against it.  Dkt. 42.  On January 26, 2022, Magistrate Judge Creatura issued an R&R recommending that the summary judgment motion filed by Thurston County Jail and Thurston County Jail Medical Staff be granted and that claims against the remaining defendant, Dr. Balderama, be dismissed *sua sponte*.  Dkt. 49.

The Court finds no clear error in Magistrate Judge Creatura's reasoning.  For Plaintiff to maintain claims against Thurston County, he must point to a custom or policy that permits violations of prisoners' civil rights.  See *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Plaintiff has not identified any such custom or policy.  Furthermore, Plaintiff cannot sustain claims against the "Thurston County Medical Staff."  He must name particular individuals who violated his constitutional rights, either under color of state law or pursuant to a departmental custom or practice.  *See* Dkt. 49 at 8; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).  As Magistrate Judge Creatura explained, Plaintiff has done neither.  Dkt. 49 at 8-9.

Similarly, Plaintiff has not supported his claims against Dr. Balderama.  Although Dr. Balderama has not appeared in this case and may not have been properly served, Plaintiff had sufficient notice that he had to develop support for his claims against all defendants, including Dr. Balderama.  *See* Dkt. 49 at 9.  Additionally, Magistrate Judge Creatura noted that Dr. Balderama and the other defendants are similarly situated, and thus "any evidence to prove [Plaintiff's] claims against the movants would be relevant to his claims against defendant Balderama."  *Id.*  The Ninth Circuit has held that *sua sponte* summary judgment for a nonappearing but similarly situated defendant is appropriate when the plaintiff has had a "full

and fair opportunity" to present evidence against the nonappearing defendant. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995).

Plaintiff has had that opportunity. The Thurston County Jail defendants participated in discovery, and Plaintiff could have sought information about Dr. Balderama from them. *See* Dkt. 49 at 8. Plaintiff did not do so, and he is left only with the conclusory statements in his complaint, which are insufficient to support a claim against Dr. Balderama. *See* Dkt. 49 at 10.

Given that Plaintiff had this opportunity to support his claims, and that he had sufficient notice of Defendants' summary judgment motion and the possibility of dismissal, the Court agrees with Magistrate Judge Creatura that Plaintiffs' claims should be dismissed with prejudice.

Separately, the Court will deny Plaintiff's "motion to amend defendants," filed on the same day as the R&R was issued.[2] Dkt. 51. The motion consists of a single-page list of names of individuals and entities. *Id.* Far from adding the specificity needed to salvage Plaintiff's claims, the list simply adds more vast categories of defendants (e.g., "all contracted food service personnel etc.") without any new allegations or evidence. Even if the Court had not already determined that Plaintiff's claims should be dismissed with prejudice, Plaintiff's amendment would be futile.

Accordingly, the R&R (Dkt. 49) is adopted in full, Defendants' motion for summary judgment is granted, and summary judgment for Dr. Balderama is granted *sua sponte*. Plaintiff's motion to amend defendants (Dkt. 51) is denied.

DATED this 14th day of March, 2022.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[2] Given the timing of this filing, the Court does not construe it as an objection to the R&R.